JOSEPH HEGEMAN, Respondent, v. CHRISTINA S. MOON et al., Executors, etc., Appellants.

A written statement signed by the maker to the effect that a certain amount is due a person named, implies that the money is due from the maker and is an indebtedness from him to the person named. The acknowledgment of indebtedness and that it is due implies a promise to pay it on demand, in the absence of other direction as to time of payment.

Such an instrument is a promissory note, and as such imports a consideration by its terms.

A promissory note payable after the death of the maker is valid.

Plaintiff's complaint alleged in substance that C., defendants' testator, for a valuable consideration made and delivered to him an instrument in writing, which was set forth, by which she directed her executors to pay to plaintiff one year after her death a sum stated without interest "being the balance due him for cash advanced at various times" to a son of C. and others. On demurrer to the complaint, held, that the instrument was a promissory note; that it imported an indebtedness of the maker to plaintiff, which was not affected by the statement that it was for advances made to the son and others; that the direction as to payment was in the nature of a promise of payment at the time specified.

Reported below, 60 Hun, 412.

(Argued March 1, 1892; decided March 15, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 13, 1891,

which affirmed an order of Special Term overruling a demurrer to the complaint and ordered that the interlocutory judgment entered thereon should be affirmed.

The complaint herein stated in substance that between 1863 and 1867 plaintiff advanced to his nephew, Adrian Hegeman, for his own account and the account of his mother, Cornelia W. Hegeman, various sums amounting in all to about $3,075, which Adrian agreed to repay. On January 1, 1869, there was due plaintiff for principal and interest, $3,363.41, for which Adrian made and delivered to plaintiff his promissory note payable on demand, with interest. On the 8th of February, 1871, Cornelia W. Hegeman paid plaintiff a bond of the Wabash railroad of the par value of $1,000, on account of above indebtedness, and plaintiff on the same day surrendered to her the note of Adrian and extended the time for the payment of the moneys, and in consideration thereof and of plaintiff's agreement to accept the principal of the amount due without interest, and of other sufficient considerations, the said Cornelia W. Hegeman made and delivered to plaintiff her draft or order in writing, a copy of which is as follows:

" $1976 90-100.          BROOKLYN, *February 8th*, 1871.

" One year after my death I hereby direct my executors to pay to Joseph Hegeman, his heirs, executors or assigns, the sum of nineteen hundred and seventy-six dollars and ninety cents, being the balance due him for cash advanced at various times by him to Adrian Hegeman, my son, and others, as per statement rendered by him this day, without interest.

"CORNELIA W. HEGEMAN."

Cornelia W. Hegeman died December 3, 1888, leaving a will, which was duly admitted to probate, and letters testamentary issued thereon to defendants as executors thereof. The executors qualified, and on the 3d of December, 1889, the plaintiff presented the draft to the executors and demanded payment, which was refused. The plaintiff offered thereupon to refer the claim, which was also refused. The plaintiff fur-

ther alleged there was due him from defendants as executors, the sum of $1,976.90, and interest from December 3, 1889, and demanded judgment.

To this complaint the defendants demurred on the ground that it did not state facts sufficient to constitute a cause of action. The Special Term overruled the demurrer and the General Term affirmed that judgment, and certified it was proper to obtain a decision of this court before proceeding further in the action. And, therefore, defendants appeal here.

*Benjamin G. Hitchings* for appellants. The writing sued upon is testamentary in its character and under the law, as it existed before the provisions of the Revised Statutes requiring wills of personal property to be executed in the same manner as wills of real estate, would have been admitted to probate as a will of personal property. (1 Williams on Ex. 104; *Bartholomew* v. *Huely*, 3 Phill. 317; *Chaworth* v. *Beach*, 4 Ves. 565; *Dillon* v. *Coffin*, 4 M. & C. 647; *Gough* v. *Fenton*, 7 Exch. 48; *Jackson* v. *Jackson*, 6 Dana, 257; *In re Belcher*, 66 N. C. 51; *Hunt* v. *Hunt*, 4 N. H. 434; *Carey* v. *Carey*, 13 Md. 1; *Moore* v. *Dickey*, 1 Johns. Ch. 153; *Singleton* v. *Bremer*, 1 McC. 12.) If testamentary but void as such for want of proper attestation the instrument is void for all purposes, and gives no cause of action against the representatives of the maker of it. (*Mitchell* v. *Smith*, 4 D. G., J. & S. 422; *Dillon* v. *Coffin*, 4 M. & C. 647; *Gough* v. *Fenton*, 7 Exch. 48; *Jackson* v. *Jackson*, 6 Dana, 257; *Hunt* v. *Hunt*, 4 N. H. 434; *Moore* v. *Sutphens*, 97 Md. 271; *Carey* v. *Carey*, 13 id. 1; *Singleton* v. *Bremer*, 4 McCord, 12; *Will of Belcher*, 66 N. C. 51; *Harris* v. *Clarke*, 3 N. Y. 108, 118, 119.) This case does not come within the principle or authority of any of the cases where an obligation given by a party or a contract made by him, has been held binding upon his representatives after his death. (*Martin* v. *Wright*, 13 Wend. 450; *Quackenboss* v. *Earle*, 5 Barb. 469; *Robinson* v. *Raynor*, 28 N. Y. 494; *Liske* v. *Sherman*, 35 Barb. 433; *Shakespeare* v. *Markham*, 72 N. Y. 406; *Gooding* v. *Brown*, 35 Hun,

151.) This case cannot be sustained upon the paper sued upon as a draft or order or bill of exchange. (*Harris* v. *Clarke*, 3 N. Y. 93.) The paper is not a promissory note, and cannot by construction be turned into one. (*Carnwright* v. *Gray*, 127 N. Y. 93; *Phelps* v. *Pond*, 23 id. 69; *Jarvis* v. *Wilkins*, 7 M. & W. 410.) The writing in question, if it can be construed as an agreement, is void by the Statute of Frauds, because it is a promise to answer for the debt of another and also because by its terms it was not to be performed within a year, and does not express a consideration. (3 R. S. chap. 7, tit. 2, § 2; *Barney* v. *Forbes*, 118 N. Y. 585; *Coe* v. *Tough*, 116 id. 273; *Drake* v. *Seaman*, 97 id. 230, 235; *Castle* v. *Beardsley*, 10 Hun, 343; *Routledge* v. *W. Co.*, 119 N. Y. 122; *Mentz* v. *Newwitter*, 122 id. 491; *White* v. *Rautoul*, 108 id. 222; *Mallory* v. *Gillett*, 21 id. 412; *Ackerly* v. *Parmentee*, 98 id. 425; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 id. 337; *Buffalo Institute* v. *Bitter*, 87 id. 294; *Angel* v. *Van Shaick*, 56 Hun, 257; *United States* v. *Ames*, 99 U. S. 35.)

*Charles P. Buckley* for respondent. The instrument sued on is a promissory note. (Story on Prom. Notes, 21; *Barney* v. *Worthington*, 37 N. Y. 112; *Bank of Michigan* v. *Ely*, 17 Wend. 508; *U. C. Bank* v. *McFarland*, 5 Hill, 432; *Kimble* v. *Huntington*, 10 Wend. 675.) The instrument is a valid one, although by its terms payable after the death of the maker, and is not of a testamentary character. (*Carnwright* v. *Gray*, 127 N. Y. 92; 3 Kent's Comm. 76; *Bristol* v. *Warner*, 19 Conn. 7; *Worth* v. *Case*, 42 N. Y. 362; *Conn* v. *Thornton*, 46 Ala. 587; Pars. on Bills & Notes, 39; *Cook* v. *Coleman*, 2 Strange, 1217; Story on Prom. Notes [7th ed.], 38; Story on Bills [4th ed.], § 47.) There was a good consideration for the instrument. (*Carnwright* v. *Gray*, 127 N. Y. 92; *N. Bank* v. *Place*, 86 id. 444.)

PECKHAM, J. The defendants object to the judgment herein because they claim the paper set out in the complaint is of a testamentary character, and not being executed as pro-

vided for by the statute of wills, is for that reason void. They also object that if not of such a character it is a contract to answer for the debt, default or miscarriage of another person, or is one which by its terms is not to be performed within one year, and in either event is void because it does not express a consideration.

We think none of these objections is well founded. The instrument is in its nature and substance a promissory note payable one year after the maker's death.

It has just been held in the second division of this court that a promissory note payable by its terms after the death of its maker, is valid. (*Carnwright* v. *Gray*, 127 N. Y. 92.) In that case the instrument was in this form: "Thirty days after death I promise to pay Cornelius Carnwright fifteen hundred dollars, with interest," and was signed by the maker. Of course the promise was impossible of strict performance. The maker could not pay after his death, and so his promise was in one sense an impossibility. The law, however, regards the substance of things, and the promise was in substance that thirty days after the maker's death his estate should pay the sum promised by him in the note to be thus paid.

In the instrument now before us there is no promise expressed in terms, but there is a direction to the executors of the maker to pay the named sum in one year from the maker's death. There is the further statement that such sum is due the payee for cash advanced at various times by him to the maker's son and others. The maker then signs such statement. From whom is the sum due? A written statement that a certain amount of money is due a payee therein named, followed by the signature of the maker of the statement, implies that the money is due from the maker and is an indebtedness from him to the person to whom the money is thus acknowledged to be due. (*Kimball* v. *Huntington*, 10 Wend. 675.) The acknowledgement of the indebtedness, and that it is due implies a promise to pay it on demand. It is a promissory note within the statute. (Id.)

The addition of the words that the money is due the payee

"for cash advanced at various times by him to Adrian Hegeman, my son and others, as per statement rendered by him this day," does not alter the implication that the money is due the payee from the maker. It simply states the origin of the indebtedness of the maker. It was not for money advanced directly to her, but to her son and others. There is nothing inconsistent with her indebtedness to the payee in the fact of this acknowledged advance of the money to the maker's son. An original indebtedness may have arisen against the maker by the payee advancing at the maker's request moneys to her son. And when she says that a certain amount is due the payee and signs the statement, with the addition of the origin of the indebtedness, the implication is neither forced nor unnatural that she means that the amount is due from her, or else she would not have signed the paper.

The time when the money is to be payable is, however, altered by the direction given to her executor to pay it one year from her death. If there were no limitation, an acknowledgement that the debt was due would imply that it was payable at once or on demand. The direction is, however, in the nature of a promise and expresses a time of payment and, therefore, excludes the presumption that it is payable immediately, which would otherwise arise from the use of the word *due.*

Being a promissory note it imports a consideration. (*Carnwright* v. *Gray, supra.*)

The defendants insist that even if the instrument be a promissory note and, therefore, within the principle that such an instrument in and of itself generally imports a consideration, no such presumption exists when the instrument shows on its face there is no valid consideration. They urge that the note in question shows on its face that the only consideration is an indebtedness of the son to the payee, and such consideration is not sufficient.

What has been already said disposes of this claim. The note shows an indebtedness from the maker, because such is the natural and fair implication to be derived from the language used. Whatever may be implied from language actually

used in an instrument is in judgment of law contained in it. (*Rogers* v. *Kneeland*, 10 Wend. 219.)

The views we take answer the objections of the defendants as above set forth, and it follows that the interlocutory judgment appealed from must be affirmed, with costs, with leave to defendants to answer over within twenty days after service of a copy of the order of affirmance on payment of costs.

All concur.

Ordered accordingly.