(40 App. Div. 572.)

BANKER v. COONS.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

ORDER ON EXECUTORS—VALIDITY OF CONTRACT.

    A writing, reciting that the maker, for value received, promises that after his death there shall be paid by his administrators or executors to payee if living, and if not to his heirs, a certain sum, is a valid contract to pay the amount to payee, if living to receive it when due.

Appeal from judgment on report of referee.

Action by Luella Banker against Alonzo B. Coons, as executor of the will of Avery Horton, deceased. From a judgment for plaintiff on report of a referee, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

L. H. Jackson, for appellant.

N. M. Banker, for respondent.

LANDON, J. The plaintiff has recovered judgment upon an instrument in these words:

"Sharon, April, 1878.

"After the death of Elizabeth and Avery Horton, for value received, I promise there shall be paid by my administrators or executors to Luella Banker, if living; if not, to her heirs, if any; if none, to my nearest kin,—three thousand dollars, with interest. Avery Horton.

"N. B. Luella, keep this note very secure, will you?"

The maker, Avery Horton, delivered the instrument to the plaintiff about the time of its date. She has had possession of it ever since. Aside from the words "value received," there is no evidence as to consideration. The Elizabeth Horton named in the instrument was Avery Horton's wife. She died in 1881. Avery Horton died in 1896, leaving a will, in which the plaintiff is one of the legatees. No interest had been paid upon the instrument.

We think the judgment should be affirmed. The instrument is a contract, made upon a consideration expressed therein, and not disproved. Its genuineness and delivery to the plaintiff by the maker were proved. It is not necessary to characterize it as a nonnegotiable note. It is simply necessary to observe that it is a valid contract to pay, upon consideration, a fixed sum to the plaintiff, if she should be alive to receive it at the due day thereof. Prindle v. Caruthers, 15 N. Y. 425. She was alive, and therefore entitled to the benefit of the promise. We are not called upon to consider what would be the case if she had died before the contract matured. Presumably the consideration moved to the maker from the plaintiff, or in her behalf; and if she chose to be content with an obligation which would substitute some one in her place upon her death before its maturity, and the promisor assented, the law assents; no question of public policy existing. It certainly cannot displace her as the obligee or payee, contrary to the conditions of the obligation. The obligation is not a gift. The consideration disproves that, and also the claim that it is a testamentary provision. The maker could promise, upon consideration, that his executors or administrators should pay. Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487. The consideration was not disproved, and therefore the defense fails.

The defendant now objects to the costs awarded in the judgment upon the direction of the referee. No exception seems to have been expressly taken as to costs. The case does not present the facts necessary to enable us to pass upon the question.

Judgment affirmed, with costs. All concur.