Matter of the Appraisal of the Transfer Tax on the Estate of JOHN DEMERS, Deceased.

(Surrogate's Court, Rensselaer County, October, 1903.)

Transfer tax — Exemption of property passing under a valid contract made by a person since deceased and adjudicated valid after his death.

Property, passing to the natural daughter of an intestate, dying in 1900, under a judgment of the Supreme Court awarding her in 1901 specific performance of a contract her father made with her

mother in 1862 by the terms of which upon surrender of the natural daughter to him his property remaining at his death should belong to her, is not subject to the transfer tax as the transfer was neither by will nor by the intestate laws, or by bargain and sale or gift made in contemplation of death or to take effect in use or enjoyment thereafter.

APPEAL from an order assessing the transfer tax.

Shaw, Bailey & Murphy, for appellant.

Jarvis P. O'Brien, for State Comptroller.

HEATON, S. This is an appeal from an order assessing a transfer tax against Eugenie Demers Drouin, on $12,413.15 at one per cent.

John Demers died intestate February 28, 1900, leaving him surviving a brother and sister and numerous nephews and nieces, being heirs-at-law and next of kin and also one Eugenie Demers Drouin, a natural daughter of said deceased. He left both real and personal estate. About the 20th day of June, 1900, said Drouin began an action in the Supreme Court against all of such heirs-at-law and next of kin, and against the administrators of the estate of said Demers, and alleged that she was the daughter of said Demers and was born about the year 1861, and that in the year 1862 said Demers entered into an agreement with the mother of the plaintiff that if such child was surrendered to him and he had the entire and unmolested charge of her, upon his death the property he should have should belong to such child.

On the 16th day of March, 1901, a judgment was granted by the Supreme Court awarding the plaintiff a specific performance of such contract and adjudging that she was entitled to all the property real and personal of the deceased and directing a transfer and conveyance of the same to her by the administrators and by the heirs-at-law, " subject only to the due course of administration and the payment of the just debts of John Demers, deceased."

On the 11th day of May, 1900, an order was made ap-

pointing an appraiser to assess the real and personal estate of such deceased which passed to his heirs-at-law and next of kin, and on the 11th day of July, 1902, an order was made assessing a tax on the same against Eugenie Demers Drouin of $124.31 from which this appeal is taken.

The appraiser has apparently assessed a tax against Mrs. Drouin on the ground that the judgment of the Supreme Court has adjudged her to be the only heir-at-law and next of kin of the deceased, and as the personal estate has been found to be over $10,000 he has levied a tax at one per cent.

The appellant claims that the judgment of the Supreme Court has established a contract in the nature of a debt of deceased in favor of Mrs. Drouin and that for that reason no part of the estate awarded to her by such judgment is taxable.

The statute provides for the taxation of the transfer of property in certain cases by will, by the intestate laws and by bargain and sale or gift made in contemplation of death or to take effect in use and enjoyment after death.

This transfer was not by will and was not testamentary in character within the meaning of the Transfer Tax Act. Johnston v. Spicer, 107 N. Y. 185–195.

The deceased died intestate but there was no transfer to Mrs. Drouin under the intestate laws as she was not next of kin to the deceased.

No doubt the legal title to the property of the deceased did pass by the intestate laws to his next of kin, but such holding by them was in trust for the equitable owner, Mrs. Drouin, and was a mere naked title not coupled with a beneficial interest, and such transfer would not be taxable under the act in question. Johnston v. Spicer, 107 N. Y. 185.

From the date of the death of Demers to the date of the judgment of the Supreme Court, Mrs. Drouin was the equitable owner of the property of the deceased and upon the rendition of such judgment she was the legal owner of such property and the same passed to her not by will or by the intestate laws but by virtue of the contract obligation which Demers entered into for a valuable consideration in 1862.

This transfer was not by gift since the Supreme Court has declared the contract to have had a valuable consideration, but was through a contract of bargain and sale.

Such contract made in 1862 was not in contemplation of death. Matter of Spalding, 63 N. Y. Supp. 694; Matter of Baker, 83 App. Div. 530.

It clearly was intended to become operative upon the death of Mr. Demers, and to vest in beneficial use and enjoyment at his death.

But since there was no gift of the property and the contract and obligation was made upon a valuable consideration long before the passage of the Transfer Tax Act, the transfer or succession is not reached for the purpose of taxation by subdivisions 3 and 4 of section 220 of the act. Matter of Seaman, 147 N. Y. 69; Matter of Gould, 156 id. 423.

There is also some authority for holding that such an obligation by valid contract is a debt of the deceased which should be deducted in ascertaining the clear market value of the estate for the purposes of taxation. Matter of Miller, 77 App. Div. 473–481; Matter of Baker, 83 id. 530; Hegeman v. Moon, 131 N. Y. 462.

The judgment in terms makes the property directed to be conveyed, subject to debts and the expenses of administration.

The order heretofore made is vacated and set aside.

Order reversed.