(41 Misc. Rep. 470.)

### In re DEMERS' ESTATE.

(Surrogate's Court, Rensselaer County.   October, 1903.)

**1. TRANSFER TAX—PROPERTY SUBJECT.**
   In 1901 a judgment of the Supreme Court awarded the natural child of an intestate dying in 1900 specific performance of a contract made by intestate with her mother in 1862, by the terms of which, on the surrender of the daughter to him, his property remaining at his death was to go to the daughter. *Held*, that the property was not subject to the transfer tax, as it was neither acquired under a will, nor by the intestate laws, nor by sale or gift made in contemplation of death, or to take effect in use or enjoyment thereafter.

In the matter of the appraisal of the transfer tax on the estate of John Demers, deceased.   From an order assessing the tax, the executor appeals.   Reversed.

Shaw, Bailey & Murphy, for appellant.

Jarvis P. O'Brien, for State Comptroller.

HEATON, S.   This is an appeal from an order assessing a transfer tax against Eugenie Demers Drouin on $12,413.15 at 1 per cent. John Demers died intestate February 28, 1900, leaving him surviving a brother and sister and numerous nephews and nieces, being heirs at law and next of kin and also one Eugenie Demers Drouin, a natural daughter of said deceased.   He left both real and personal estate. About the 20th day of June, 1900, said Drouin began an action in the Supreme Court against all of such heirs at law and next of kin, and against the administrators of the estate of said Demers, and alleged that she was the daughter of said Demers, and was born about the year 1861, and that in the year 1862 said Demers entered into an agreement with the mother of the plaintiff that if such child was surrendered to him, and he had the entire and unmolested charge of her, upon his death the property he should have should belong to such child.   On the 16th day of March, 1901, a judgment was granted by the Supreme Court awarding the plaintiff a specific performance of such contract, and adjudging that she was entitled to all the property, real and personal, of the deceased, and directing a transfer and conveyance of the same to her by the administrators and by the heirs at law, "subject only to the due course of administration and the payment of the just debts of John Demers, deceased."   On the 11th day of May, 1900, an order was made appointing an appraiser to assess the real and personal estate of such deceased which passed to his heirs at law and next of kin; and on the 11th day of July, 1902, an order was made assessing a tax on the same against Eugenie Demers Drouin of $124.31, from which this appeal is taken.

The appraiser has apparently assessed a tax against Mrs. Drouin on the ground that the judgment of the Supreme Court has adjudged her to be the only heir at law and next of kin of the deceased, and, as the personal estate has been found to be over $10,000, he has levied a tax at 1 per cent.   The appellant claims that the judgment of the Supreme Court has established a contract in the nature of a debt of deceased in favor of Mrs. Drouin, and that for that reason no part of

the estate awarded to her by such judgment is taxable. The statute provides for the taxation of the transfer of property in certain cases by will, by the intestate laws, and by bargain and sale or gift made in contemplation of death, or to take effect in use and enjoyment after death. This transfer was not by will, and was not testamentary in character, within the meaning of the transfer tax act. Johnston v. Spicer, 107 N. Y. 185–195, 13 N. E. 753. The deceased died intestate, but there was no transfer to Mrs. Drouin under the intestate laws, as she was not next of kin to the deceased. No doubt, the legal title to the property of the deceased did pass by the intestate laws to his next of kin; but such holding by them was in trust for the equitable owner, Mrs. Drouin, and was a mere naked title, not coupled with a beneficial interest, and such transfer would not be taxable under the act in question. Johnston v. Spicer, 107 N. Y. 185, 13 N. E. 753. From the date of the death of Demers to the date of the judgment of the Supreme Court, Mrs. Drouin was the equitable owner of the property of the deceased, and upon the rendition of such judgment she was the legal owner of such property, and the same passed to her, not by will or by the intestate laws, but by virtue of the contract obligation which Demers entered into for a valuable consideration in 1862. This transfer was not by gift, since the Supreme Court has declared the contract to have had a valuable consideration, but was through a contract of bargain and sale. Such contract made in 1862 was not in contemplation of death. Matter of Spalding (Sup.) 63 N. Y. Supp. 694; Matter of Baker, 83 App. Div. 530, 82 N. Y. Supp. 390. It clearly was intended to become operative upon the death of Mr. Demers, and to vest in beneficial use and enjoyment at his death. But since there was no gift of the property, and the contract and obligation was made upon a valuable consideration long before the passage of the transfer tax act, the transfer or succession is not reached for the purpose of taxation by subdivisions 3 and 4 of section 220 of the act (Heydecker's Gen. Laws, p. 1931, c. 24). Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Matter of Gould, 156 N. Y. 423, 51 N. E. 287. There is also some authority for holding that such an obligation by valid contract is a debt of the deceased which should be deducted in ascertaining the clear market value of the estate for the purposes of taxation. Matter of Miller, 77 App. Div. 473–481, 78 N. Y. Supp. 930; Matter of Baker, 83 App. Div. 530, 82 N. Y. Supp. 390; Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487.

The judgment, in terms, makes the property directed to be conveyed subject to debts and the expenses of administration. The order heretofore made is vacated and set aside.

Order reversed.