STANLEY FLETCHER, Respondent, *v.* GROSVENOR NICHOLAS, Appellant, Impleaded with WARREN A. MAYOU and Another, Defendants.

First Department, April 30, 1926.

Arbitration — action to have determined that stock delivered in escrow belongs to plaintiff — plaintiff and appellant agreed that on certain contingencies appellant could purchase stock at value fixed by three arbitrators — each party appointed arbitrator but said arbitrators could not agree on third — appellant opposed action to have stock valued by court, proceedings to have court appoint third arbitrator and also appointment of new arbitrator by plaintiff in place of one resigned — appellant has endeavored throughout to delay valuation — plaintiff is not bound by contract and is entitled to stock.

In an action to have determined that certain corporate stock delivered by the appellant in escrow under an agreement providing that the appellant might on certain contingencies purchase the stock after it had been valued by three arbitrators, the plaintiff is entitled to recover the stock, since it appears that each of the parties appointed an arbitrator; that the two arbitrators so appointed were unable to agree on a third and that the appellant opposed proceedings to have the stock valued by the court and proceedings to have the court appoint a third arbitrator, and also opposed the appointment of a new arbitrator by the plaintiff in place of the original arbitrator who had resigned.

Under all the circumstances it is clear that the appellant has done everything he could to delay the valuation of the stock which was a condition precedent to his purchase, and, therefore, it must be held that the plaintiff is not required to perform the contract and is entitled to have the stock delivered to him.

APPEAL by the defendant, Grosvenor Nicholas, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of September, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment directs the delivery to the respondent Fletcher of certificates representing $40,000 par value of stock of Grosvenor Nicholas & Co., Inc., previously deposited with the defendants Mayou and Crocker as depositaries, under a contract made between Nicholas and Fletcher dated February 3, 1917. It further adjudges that none of the defendants have any right, title or interest in the stock.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel], for the appellant.

*Collin, Wells & Hughes* [*John L. Wells* of counsel], for the respondent.

MARTIN, J. This is an action for a determination that plaintiff is entitled to certain stock and that the same should be delivered to him.

The plaintiff and defendant Nicholas, having differed as to certain business matters, entered into a contract on February 3, 1917, by which they agreed on the mutual release of all prior obligations and further agreed that Nicholas would add to certain stock of Grosvenor Nicholas & Co., Inc., of the aggregate par value of $25,000, which Nicholas held for Fletcher, an additional $15,000 in the said stock, making $40,000 aggregate par value of stock of Grosvenor Nicholas & Co., Inc.; that Nicholas would indorse certificates issued in his name so as to make the same transferable to bearer, and would deposit the said stock with Warren A. Mayou and Frank L. Crocker, the other defendants, to be held subject to the terms of the contract. It provided that the same was to be held in escrow during the term of the agreement; that if the parties did not enter into business together or make some other arrangement mutually satisfactory on or before November 1, 1917, Mr. Nicholas was to have the right to purchase the said $40,000 aggregate par value of stock of Grosvenor Nicholas & Co., Inc., held for Mr. Fletcher as aforesaid at the fair value thereof, to be determined as of the date of November 1, 1917,

" and may take and pay therefor within thirty (30) days after the said fair value thereof shall have been determined as hereinafter provided; " that the " said fair value of the said stock on November 1st, 1917, at which Mr. Nicholas may purchase the same shall be determined by an appraisal thereof made by three arbiters, one to be appointed by Mr. Fletcher, or his representative, another to be appointed by Mr. Nicholas, or his representative, and a third to be appointed by the other two. If Mr. Nicholas shall pay to the said Warren A. Mayou and Frank L. Crocker or their legal representatives for Mr. Fletcher within thirty (30) days after he shal have been notified in writing by the said arbiters of the price fixed by them an amount equal to the said fair value of the said stock so fixed by them, the certificates for the said stock shall be forthwith delivered to Mr. Nicholas and the amount paid for the same shall be forthwith delivered to Mr. Fletcher, or his order, and if Mr. Nicholas shall not so purchase the same within the said thirty (30) days, then the certificates for the said stock shall be immediately thereafter delivered to Mr. Fletcher to be held or disposed of by him as he may see fit."

Pursuant to said contract each of the parties, about December 27, 1917, appointed an arbiter. The two so appointed were unable to agree upon a third. Thereafter and on August 12, 1918, Fletcher commenced an action against the defendants, alleging that the arbitration had failed because of the acts of defendant Nicholas, and seeking to have the court fix the value of the stock if of the opinion that Nicholas should be permitted to purchase it. The court found that the failure to appoint a third arbiter was not caused by the defendant Nicholas, and dismissed the complaint. The plaintiff Fletcher appealed to this court and the judgment was affirmed on November 19, 1920. (194 App. Div. 897.)

In December, 1920, plaintiff appointed a new arbiter on his behalf, the one previously appointed by him having resigned. The arbiter whom defendant Nicholas had appointed was still acting in that capacity. The arbiter appointed by plaintiff was elected Secretary of State, and his duties, it is asserted, delayed the matter. However, he communicated with Mr. Little, whom defendant had named, and on June 14, 1922, suggested two names for the choice of a third arbiter. On October 13, 1922, Mr. Little wrote a letter, quoting in turn from a letter sent him by the defendant Nicholas as follows: " I cannot agree that the agreement gave Mr. Fletcher the right to make successive appointments of arbiters or that *he has any further rights or claim against me in this matter.*" (Italics are the writer's.)

This was a notification by defendant Nicholas to his appointee

that he was not authorized to proceed inasmuch as Nicholas' position was that plaintiff could not make an appointment after his first appointee had resigned.

Thereafter and on February 1, 1923, plaintiff moved at Special Term, Kings county, to have the court appoint a third arbiter, setting forth the facts as to the failure of the appointees of the parties to agree on a third, as well as to Nicholas' position that plaintiff had no further rights under the contract. This motion was granted and the court appointed a third arbiter to act with the other two. On the hearing of that motion defendant Nicholas filed an opposing affidavit to the effect that " the alleged appointment of John J. Lyons as Mr. Fletcher's arbiter, in place of A. W. Kenworthy, his former arbiter who resigned, was invalid and ineffectual for any purpose."

The defendant Nicholas then appealed to the Appellate Division, where the order was affirmed (206 App. Div. 778), and, on permission from the Court of Appeals, appealed to that court, where the order was reversed.

That reversal was upon the ground that, although the parties agreed to fix the value of this stock by arbitration, the controversy was not of the character contemplated by the Arbitration Law, and, therefore, the court was without power to appoint the third arbiter. (*Matter of Fletcher*, 237 N. Y. 440.)

Immediately after that decision the present action was begun, plaintiff seeking to have the court declare that defendant Nicholas has no further interest in the stock and for the delivery of the same to plaintiff. The question is whether Nicholas by his conduct prevented the ascertainment of the valuation of the stock and thus lost his right to the option to purchase.

The Court of Appeals said on that subject:

" If the determination has not been made because of wrongful acts or refusal to proceed on the part of Mr. Nicholas, it might well be held that he has waived or forfeited any rights under the contract which might be based upon such valuation, and that Mr. Fletcher is entitled to the delivery of the stock free from any rights of Mr. Nicholas thereto; but only the court could pass upon this question.

" Only if the prior determination has failed for any other reason, such as the wrongful acts, disability or failure to proceed on the part of either or both arbiters or the umpire, would the right of Mr. Nicholas to purchase still be in existence and any necessity exist for the determination of the value of the stock."

It was also indicated by the Court of Appeals that in an action the value of the stock could be determined as an incident to an

enforcement of the rights of the parties, citing *Mutual Life Ins. Co.* v. *Stephens* (214 N. Y. 488).

In this action plaintiff proceeded to show that the failure to obtain a valuation was the fault of Nicholas, who consistently refused to proceed in the matter. Defendant has insisted that Fletcher had no right to appoint an arbiter in the place of the one who resigned, and that the court has no right to ascertain the value of the stock.

In plaintiff's first action defendant Nicholas refused on the trial of that action to permit the valuation of said stock to be fixed by the court or by a referee appointed by the court, insisting at all times that he had a right under said contract to have three arbiters determine the value.

It is· clear that Nicholas is seeking delay and has attempted by all possible means to avoid performance of the contract. He appealed to the Court of Appeals in an effort to prevent action by the arbiters who were about to proceed to fix the value of the stock. The record makes it clear that Nicholas has not only sought delay but has never had any desire to have the value of the stock fixed.

The trial court gave judgment for the plaintiff. We think the judgment was required by the justice of the situation and is entirely consistent and correct in law.

The judgment should be affirmed, with costs.

CLARKE, P. J., MERRELL and FINCH, JJ., concur.

Judgment affirmed, with costs.