## Hatcher et al. v. Taylor's Administratrix et al.

(Decided June 11, 1935.)

W. P. MAYO and J. WOODFORD HOWARD for appellants.

HILL & HOBSON and B. M. JAMES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

John W. Taylor and Nancy V. Taylor had three children, Martha Conn, Mary Ann Taylor, and Elizabeth Hatcher, wife of Dave Hatcher. On July 21, 1923, John W. Taylor and Nancy V., his wife, conveyed their home farm in Floyd county to Elizabeth Hatcher. The consideration was $1,000 cash and two $500 notes, payable in 12 and 24 months from date, and a lien was retained in the deed to secure their payment. The deed contains the following provisions:

"It is hereby, expressly understood and agreed that the parties of the first part are to have possession and control of the land and building as long as they or either of them shall live, or desire to exercise the said rights and privileges. And the party of the second part, or her heirs or assigns are to have the right, to sell, cut, saw and remove any or all of the timber at any time, and the right to erect and build all such houses barns or fences as may be necessary or by the party of the second part, deemed necessary or convenient.

"And it is further understood and agreed that the party of the second part is to provide for the party of the first part shelter, medical attention, feed and clothing as long as they or either of them shall live. And the party of the second part shall have all the Live Stock and such other personal property as either or both of the parties of the first part may have at the time of their death."

John W. Taylor died intestate in the year 1925, and Nancy V. Taylor died intestate in the year 1926. Thereafter Mallie Conn, who had qualified as administrator of the estates of John W. Taylor and Nancy V. Taylor, and the estates of Martha Conn and Mary Ann Taylor, brought this suit against Elizabeth Hatcher and Dave Hatcher, her husband, to collect the two $500 notes, and to enforce the lien on the land by which they were secured. John Ford, who in the meantime had purchased the land, was made a party defendant. He and the Hatchers defended on the ground that the notes sued on passed to Elizabeth Hatcher on the death of her father and mother under the provision of the deed, "and the party of the second part shall have all the live stock and such other personal property as either or both of the parties of the first part may have at the time of their death." On final hearing judgment

was rendered against Elizabeth Hatcher for the amount of the notes, interest, and costs, and the land was ordered sold. The Hatchers and Ford appeal.

The trial court was of the opinion that as no present interest in the notes in question passed under the deed, the deed was merely testamentary in character, and not having been probated as a will, did not vest title in the grantee. As there is ground for the contention that the agreement as to personal property is supported by a valuable consideration, it may be doubted if the instrument was revocable, and therefore testamentary in character. Price v. Jones, 105 Ind. 543, 5 N. E. 683, 55 Am. Rep. 230; Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487; Little's Adm'r v. Sizemore, 208 Ky. 135, 270 S. W. 729.

However this may be, we are constrained to the view that there is another ground on which the judgment of the chancellor may be upheld. The language for construction is ''and the party of the second part shall have all the live stock and such other personal property as either or both of the parties of the first part may have at the time of their death.'' It is insisted that the two notes executed in part payment for the land are personal property, and therefore pass to the grantee, the maker of the notes, on the death of the grantors. Promissory notes are personal property, of course; but the question is: Are they personal property within the meaning of the deed? In the construction of statutes, or other written instruments, we have what is known as the ejusdem generis rule. That rule is that where certain things are enumerated, and then a phrase or word is used which includes other things, but does not specify what other things are intended, such phrase or word will generally be confined to things of the same general kind or class as those enumerated. Kennedy v. Foster's Ex'r, 14 Bush, 479; Brent v. Commonwealth, 194 Ky. 504, 240 S. W. 45. The rule is peculiarly applicable to the language before us. The words ''all the live stock'' are followed by the words ''and such other personal property,'' etc. We therefore conclude that the words ''personal property mean personal property of the same general kind or class as live stock, that is tangible personal property, and do not include intangible personal property. There is nothing in the deed suggesting any other construction. On the contrary,

the natural inference would be that the grantors did not intend that the grantee should have the consideration given for the land conveyed by the deed.

But it is insisted that the court erred in adjudging a recovery for the full amount of the notes, and ordering a sufficiency of the land sold to pay the full amount of the judgment. In support of this position it is pointed out that one-third of the recovery will go to Elizabeth Hatcher, one of the three children of John W. and Nancy V. Taylor or her vendee. The record discloses that the notes were made payable to John W. Taylor and Nancy V. Taylor. John W. Taylor died in 1925, and Nancy V. Taylor in 1926, and Mallie Conn qualified as the administrator of both estates. In the circumstances the title to the notes passed to the administrator, and she had the right to sue and recover on the notes, regardless of where the proceeds will go on final distribution.

The claim that Ford is prejudiced by the judgment is without merit. If he has a just claim to that portion of the proceeds of the sale going to Elizabeth Hatcher, he may still take such action as may be necessary for the protection of his rights.

Judgment affirmed.