## Mills et al. v. City of Barbourville et al.

(Decided May 10, 1938.)

HIRAM H. OWENS for appellants.

KENNETH H. TUGGLE and J. B. CAMPBELL for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Gilbert Mills and others are appealing from a judgment of the Knox circuit court sustaining a demurrer to and upon their failure to further plead, dismissing their petition and denying them an injunction to restrain the city and city authorities from enforcing a license tax of $10 per annum upon building mechanics.

Counsel for appellants at the outset concedes that under section 181 of our Constitution the Legislature may impose license taxes on the various trades, occupations, and professions, and may delegate like authority to municipalities. But as grounds for reversal it is argued that the Legislature has not delegated to cities of the fourth class the power or authority to impose a license tax upon building mechanics, and, further, that the license tax imposed in this instance is unreasonable and oppressive. Barbourville is a city of the fourth class, and whatever authority it has been given by legislative enactment to impose such taxes is conferred by section 3490-1 et seq., Kentucky Statutes, which is included in the charters of cities of the fourth class. Subsection 12 of that section provides:

> "To license, tax and regulate auctioneers, merchants, retailers' stores, peddlers, brokers, pawnbrokers, tobacco factors, public halls, lectures, concerts and other places of amusement, or any trade, occupation or profession."

Unquestionably, as authorized by the Constitution, the Legislature has, as conceded by counsel for appellants, empowered cities of the fourth class to impose license taxes upon trades, occupations, and professions specifically mentioned in the above-quoted subsection of the statutes; and therefore it only remains to be deter-

mined whether other and entirely distinct occupations, such as building mechanics, may also be required by ordinance to pay a license tax under the provisions of that subsection.

Counsel for appellants invokes the rule of ejusdem generis in contending that the general words following the specific and particular classes mentioned in that subsection will be considered as including only trades, profession, and occupations of the same kind, class, and nature as those specifically designated. Hatcher et al. v. Taylor's Adm'x, 260 Ky. 32, 83 S. W. (2d) 847, and Federal Chemical Company v. Paddock et al., 264 Ky. 338, 94 S. W. (2d) 645, are cited, and the rule contended for and quoted from the latter case reads (page 649):

> "The rule of ejusdem generis is that where in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be presumed to be restricted by the particular designation, and to include only things or persons of the same kind, class or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose."

The cardinal rule in construing statutes is, if possible, to ascertain the meaning of the Legislature from the language used, and if that be plain, clear, and unambiguous, resort to collateral rules of construction is unnecessary. The rule of ejusdem generis is but a rule of construction and will not be applied or resorted to in the construction of statutes, if the intention of the statute is clear. Goldsmith v. U. S., 2 Cir., 42 F. (2d) 133; State v. Grosvenor, 149 Tenn. 158, 258 S. W. 140. It should never be applied in the construction of a statute so as to thwart or to confine the operation thereof to narrower limits than those clearly intended by the Legislature.

As said in 25 R. C. L. 944:

> "The general object of an act sometimes requires that the final general term shall not be restricted in meaning by its more specific predecessors, and if, on consideration of the whole law upon the subject, and the purposes sought to be effected, it is apparent that the legislature intended the general words

to go beyond the class specifically designated, the rule does not apply.''

One of the leading and illuminating cases which deals with practically every phase of the power of the state or a subdivision thereof to impose license taxes is Hager, Auditor, v. Walker et al., 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A., N. S., 195, 129 Am. St. Rep. 238. In that case the court did not restrict the general words ''trades, occupations, and professions'' (page 256) to the character, kind, or class thereinbefore specifically referred to, but held that, as so used in the Constitution and in statutes enacted pursuant thereto, they were broad, comprehensive, and covered every conceivable trade, profession, or occupation.

When we turn to the quoted subsection of section 3490, supra, it will be seen that it was not meant to be less comprehensive, and that it was not the intention of the Legislature to restrict the taxing power of the municipality to the trades, professions, and occupations specifically mentioned, or those of like character, but that it was its intention to include within its scope and meaning any and all trades, professions, and occupations. As said in Hager, Auditor, v. Walker, supra (page 246), ''The authority to tax under this section is as far-reaching and as sweeping as language could make it.''

It is true that the Hager Case was not dealing with this particular section but was dealing with the same language as used in the Constitution and other statutes, and has equal application here. So viewing the language of the statutes and with the interpretation so often placed upon it by this court as a guide, we unhesitatingly hold that the rule invoked by counsel for appellants does not apply, since the language of the statute is clear and plain and the intention of the Legislature manifest.

Some question is made concerning subsection 15 of section 3490, but it is obvious that it does not apply in this instance, but that subsection 12 is controlling.

No question of uniformity is involved. The city council has classified businesses, trades, occupations, and professions, and has made the license tax uniform as to the general classes, such as building mechanics, and this it was authorized to do. See Hager, Auditor, v. Walker, supra. While the tax is substantial, a court

would not be authorized in interfering with the discretion exercised by the legislative department of the city on the ground that it is unreasonable, oppressive, or confiscatory. Courts may not and will not concern themselves with the wisdom of statutes, but only with their validity.

Judgment affirmed.