OPINION OF THE COURT
Arthur D. Spatt, J.
This motion by defendant Richard Frank (Frank) for an order (1) for renewal and reargument of defendant’s prior motion for summary judgment,* and (2) upon such renewal and reargument, to grant summary judgment dismissing the complaint against the defendant Frank, is determined as set forth below.
BACKGROUND
This court’s prior memorandum decision dated December 24, 1980 (Spatt, J.) sets forth all of the relevant facts concerning this matter. Briefly, the case concerns an attorney’s suit for legal fees arising out of an underlying personal injury action in which defendant Solomon Schneider (Schneider) was the injured party and was the client, respectively, of the plaintiff and defendant Frank. Schneider discharged the plaintiff as his attorney, retained defendant Frank and then retained defendant Fuchsberg & Fuchsberg (F & F).
*1059 The case was ultimately settled for the sum of $100,000 when Schneider was represented by F & F, and plaintiff seeks compensation against defendant Frank on a quantum meruit basis in the sum of $5,000.
The prior motion by defendant F & F for summary judgment was granted on the grounds that (1) there were no triable questions of fact as against defendant F & F; (2) there were no “statutory liens”; (3) neither the complaint nor the plaintiff’s affidavits in opposition to this motion alleged any agreement, implied or express, by which defendant F & F agreed to pay a fee to the plaintiff; and (4) the plaintiff failed to establish an “equitable lien”.
CONTENTIONS
Defendant Frank contends that “based upon the law of the case as contained in this Court’s memorandum decision, no valid distinction can be made between the position of Fuchsberg & Fuchsberg and myself as defendants”. Defendant Frank goes on to state that “there was never a definitive agreement with respect to fee arrangements and therefore no claim will lie against me on that basis”.
Not so, says the plaintiff. He contends that there is a different factual situation as to defendant Frank than was the case with the defendant F & F. He sets forth his position in his affidavit in opposition dated March 11, 1981, at page 2, as follows:
“1. Although summary judgment has previously been granted to the defendant, fuchsberg & fuchsberg, the facts concerning their relationship with the parties are not exactly the same as those concerning the defendant, richard frank ***
“4. There was direct contact and negotiations between myself, the plaintiff attorney, and richard frank, right from the outset of the substitution. There were offers and counter-offers concerning a fee arrangement between us. (See copies of letters dated December 3, December 10 and December 16, 1976.) In defendant richard frank’s letter of December 3, 1976 he stated unequivocally that This letter will serve to advise and confirm to you that I will forward to you a contingency equal to 5 percent of my net attorney’s fee herein.’ The fact that I felt that I was entitled *1060 to more, and that in subsequent letter Mr. Frank attempted to rescind the previous offer, there still was an indication that Mr. Frank intended a forwarding fee to me, and an understanding that the exact amount or percentage would be worked out at a future date.”
In reply, defendant Frank points out that the language contained in his December 16, 1976 letter to the plaintiff which states, in part: “Please be advised that unless I receive your signed acknowledgement at the bottom of this letter within five days of the date hereof agreeing to accept a forwarding fee equal to 5% of my net attorney’s fee, such offer is withdrawn and no forwarding fee will be agreed to by me in the above matter.”
DETERMINATION
To obtain summary judgment, it is necessary that the defendant establishes his defense “sufficiently to warrant the court as a matter of law in directing judgment” in his favor (CPLR 3212, subd [b]).
On the other hand, to defeat a motion for summary judgment, the opposing party must “ ‘show facts sufficient to require a trial of any issue of fact’ ”. (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; CPLR 3212, subd [b].)
The second cause of action in the complaint (the only one pleaded against defendant Frank) appears to be grounded upon a somewhat conclusory quantum meruit theory in that plaintiff alleges at paragraph 24 that “plaintiff is entitled to compensation on a quantum meruit basis”. This conclusion is unsupported by any factual allegations in the complaint.
Even without an express contract, where one performs services for another, at the request or with the consent of the other, he is entitled to be compensated for the fair and reasonable value of his services. This quasi-contractual obligation is one imposed by law where there has been no agreement. The law creates this agreement to assure a just and equitable result. (Bradkin v Leverton, 26 NY2d 192.) Stated simply, the law presumes that the party for whom services are rendered will pay for them. (Matter of Taylor, 206 Misc 69.)
*1061 Here, however, the plaintiff performed his services for Schneider, his client, and not for attorney Frank. Further, these services were all performed prior to the time Frank entered the picture. Frank had nothing to do with these prior legal services, never authorized them and, in the absence of an express agreement, is not liable for such services. The quantum meruit theory is properly enforceable against client Schneider (see Brill v Chien Yuan Kao, 61 AD 2d 1000) rather than attorney Frank.
Since the court has already negated recovery under the Judiciary Law and the “equitable lien” theory, there remains only one possible avenue of recovery against the defendant Frank, namely, an agreement by defendant Frank to pay a fee to plaintiff.
Although the plaintiff’s second cause of action against defendant Frank sounds in quantum meruit, an amendment of the pleadings to allege a cause of action in express contract would be permitted. See Dittmar Explosive v A.E. Ottaviano, Inc. (20 NY2d 498), Diemer v Diemer (8 NY2d 206) and Harbor Assoc. v Asheroff (35 AD2d 667) especially where the defendant Frank is on adequate notice of the underlying facts and the only change is one of theory. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3025, C3025:15-C3025:17, pp 486-488.)
Having decided that express agreement is the only cause of action available against defendant Frank, a review of the plaintiff’s papers in opposition is required to ascertain whether a triable issue of fact on a “contract” theory has been raised by the plaintiff.
Initially, it is apparent that no express “written” contract has been shown. The offer by defendant Frank of “5% of net attorney’s fees” as is set forth in his letter of December 3,1976 was expressly rejected by plaintiff in his responsive letter of December 10, 1976, in which he states that he “would be willing to accept a 15% forwarding fee”. This counteroffer by plaintiff was, in turn, rejected by the defendant Frank in his letter of December 16, 1976, when he delivered the final ultimatum that unless plaintiff accepted the 5% “within five days *** such offer is *1062 withdrawn and no forwarding fee will be agreed to by me in the above matter.”
Absent a valid written agreement between the parties, the court must now look to see if the plaintiff has set forth a valid “oral” agreement. Since the complaint is silent with regard to an oral agreement, the affidavit of plaintiff dated March 11, 1981, must furnish the proof sufficient to establish a triable issue of fact.
A perusal of plaintiff’s said affidavit reveals that, accepting all the facts set forth therein as true, there is a missing element in the “oral contract” theory. Plaintiff says, in a conclusory and vague manner, that despite the failure to agree in the three letters referred to above, “there still was an indication that Mr. Frank intended a forwarding fee to me, and an understanding that the exact amount or percentage would be worked out at a future date.” In the first instance, this assertion of a nebulous “understanding” is far too indefinite to amount to an “agreement”. Nowhere does the plaintiff state that the defendant Frank agreed to compensate him, and that the exact amount would be left in abeyance, stating where and when such oral agreement took place. What is clear is that defendant Frank made his final offer on December 16,1976 and stated in said letter that “I again reiterate that you are entitled to no forwarding fee in this case”. Therefore, the plaintiff has failed to sufficiently raise a triable issue as to an oral agreement having been made.
A second defect in the plaintiff’s position is that, even assuming, arguendo, that he sufficiently stated the basis for an oral agreement or understanding, there is a vital missing element in this theory.
The general rule is that price is an essential ingredient of every contract for the transfer of property or rights therein or for the rendering of services. Therefore, an agreement must be definite as to compensation. While it may not be necessary that the exact amount be stated in the agreement, the agreed price must, by the terms of the agreement, be capable of being definitely ascertained. Stated simply, an agreement leaving the price for future determination is not binding. (9 NY Jur, Contracts, § 51; Hurwitz v Gleicher, 284 App Div 1056, affd 309 NY 699.)
*1063 Also, an agreement to agree on compensation in the future is too indefinite for enforcement. In May Metropolitan Corp. v May Oil Burner Corp. (290 NY 260, 264), Judge Desmond set forth the general contract law as to “agreements to agree”: “A contract is incomplete and unenforceable when, as to some essential term, there has been no agreement but only an agreement to agree in the future. (St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 235 N. Y. 30, Sun Printing & Publishing Assn. v. Remington Paper & Power Co., 235 N. Y. 338.)”
The rule was reiterated by Judge Fuld in Willmott v Giarraputo (5 NY2d 250, 253) as follows: “Few principles are better settled in the law of contract than the proposition that, Tf a material element of a contemplated contract is left for future negotiations, there is no contract enforcible under the Statute of Frauds or otherwise.’ ”
Where the contract is assailed as “an agreement to agree”, courts look for “some objective method of determination”, thereby “filling in the gaps”, and preserving the contract. (See Metro-Goldwyn-Mayer Inc. v Scheider, 75 Misc 2d 418, mod on other grounds 43 AD2d 922; see, also, Underhill Constr. Corp. v New York Tel. Co., 56 AD2d 760, affd Allen & Co. v Occidental Petroleum Corp., 382 F Supp 1052, affd 519 F2d 788; cf. Uniform Commercial Code, § 2-204.)
The most commonly employed method of “filling the gaps” in the event of a failure to agree is arbitration. Such method has been used to salvage shareholders agreements. (See Matter of Vogel [Lewis], 25 AD2d 212, affd 19 NY2d 589; Matter of Kaliski v Rosenberg, 34 AD2d 626.)
Another acceptable method of determining price in the future is by way of a formula. (Chase Nat. Bank v Manufacturers Trust Co., 265 App Div 406.)
The latest word on the “agreement to agree” is set forth in Martin Delicatessen v Schumacher (52 NY2d 105) in which the renewal clause in the lease stated that the tenant would renew at an additional five years at “annual rentals to be agreed upon”. Held: the renewal clause is not enforceable. Judge Fuchsberg, writing for a majority of the court, cited (p 109) the rule in New York that a “mere *1064 agreement to agree, in which a material term is left for future negotiations, is unenforceable”. He also noted that the lease does not contain any formula or mechanism for computing rent during the renewal period.
In this case, the purported oral agreement lacks the essential element of “compensation” which is the very essence of this alleged agreement. As such, this oral agreement, even if validly demonstrated, is merely an agreement to agree to compensate in the future and is unenforceable, as a matter of law.
Accordingly, the motion of defendant Frank for summary judgment dismissing the complaint against him is granted.

 The examination before trial of defendant Frank, which is the subject of another branch of this motion, has been waived by the plaintiff.