■ PVM Oil Futures, Inc., Respondent-Appellant, v Banque Paribas, Appellant-Respondent, and Paribas Futures, Inc., Respondent.—Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered on August 7, 1989, which dismissed plaintiff's first, fourth and fifth causes of action as to each of the defendants, and dismissed plaintiff's second and third causes of action only as to defendant Paribas Futures, Inc., unanimously modified, on the law, to the extent of dismissing the second and third causes of action as against defendant Banque Paribas, and otherwise affirmed, without costs.

In 1985, plaintiff PVM Oil Futures, Inc. (PVM), an oil brokerage company specializing in the petroleum futures market and a floor broker on the New York Mercantile Exchange (NYMEX), and defendant Paribas Futures, Inc. (PFI), a NYMEX clearing broker, signed a document designated a "Fully Disclosed Commodity Clearing Agreement", under which PVM was to introduce customers and perform floor execution services for introduced customers to PFI, in exchange for PFI's performance of clearing services for the introduced customers. However, following execution of this agreement, PVM and PFI failed to reach agreement on the fees to be paid PVM for its floor execution services and on several other fundamental aspects of the agreement, and neither party thereafter performed the agreement. Subsequently, PVM commenced this action against PFI and defendant Banque Paribas, a French bank affiliated with PFI through indirect corporate ties, alleging, in the first cause of action, that defendants had breached the agreement; in the second and third causes of action, that defendants had made fraudulent or negligent misrepresentations to PVM; and seeking, in the fourth and fifth cause of action, an accounting and damages for tortious interference with contract.

Contrary to PVM's contentions, the IAS court properly dismissed the first, fourth and fifth causes of action as against both defendants. The absence of an agreement on material

terms of the fully disclosed commodity clearing agreement and the fact that neither party performed it demonstrates that it was not a binding contract between the parties *(Willmott v Giarraputo,* 5 NY2d 250; *Ellenberg v Schneider,* 109 Misc 2d 1058). Also, PVM failed to allege the existence of a fiduciary and confidential relationship between the parties required for an equitable accounting *(Kaminsky v Kahn,* 20 NY2d 573). Finally, PVM failed to establish the intentional procurement of a breach required for tortious interference with contract *(Israel v Wood Dolson Co.,* 1 NY2d 116, 120; *Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946).

Moreover, the IAS court should have dismissed PVM's second and third causes of action for fraud and negligent misrepresentation as against Banque Paribas, as well as against PFI. The fraud claim, premised solely upon the statement of a representative of Banque Paribas to the effect that it did not intend, in the future, to act as a broker in the futures market and compete with PVM, was a statement of future expectation or intent insufficient to establish a cause of action for fraudulent misrepresentation *(Country-Wide Leasing Corp. v Subaru of Am.,* 133 AD2d 735; *Vought v Teachers Coll.,* 127 AD2d 654). In addition, PVM's fraud claim lacked the essential elements of reasonable reliance and pecuniary detrimental loss *(Dress Shirt Sales v Hotel Martinique Assocs.,* 12 NY2d 339). Finally, PVM failed to show the existence of a special relationship between PVM and Banque Paribas necessary to give rise to a duty of care upon which a claim of negligent misrepresentation can be founded *(Coolite Corp. v American Cyanamid Co.,* 52 AD2d 486, 488; *Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 100 Misc 2d 228, *affd* 76 AD2d 24, *affd* 53 NY2d 568). Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.