■ AMHERST MAGNETIC IMAGING ASSOCIATES, P. C., Respondent, v COMMUNITY BLUE, HMO OF BLUE CROSS OF WESTERN NEW YORK, INC., et al., Appellants. [659 NYS2d 657] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: As limited by their brief, defendants appeal from that portion of an order of Supreme Court that denied their motion to dismiss the complaint insofar as it alleges fraud, seeks an accounting, and demands punitive damages. Defendants sought dismissal pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and, insofar as the fraud claim is concerned, for

failure to plead the claim with particularity, as required by CPLR 3016 (b).

Plaintiff has pleaded a cause of action for fraud sufficiently and with the requisite particularity. While "[g]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support" a claim for fraud (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318), here plaintiff alleges that it was induced by defendants' misrepresentations to reveal proprietary information to defendants, to expend funds for equipment and personnel to handle defendants' business, and to agree to be paid at a lesser rate than it otherwise would have charged. Plaintiff thus alleges "reliance" damages beyond those that may be recovered on a contract theory, and does not merely allege that defendants misrepresented their intent to perform the contract.

Plaintiff has sufficiently stated a cause of action for an accounting. The second amended complaint explicitly alleges a confidential and fiduciary relationship between the parties (*see, Kaminsky v Kahn*, 20 NY2d 573; *PVM Oil Futures v Banque Paribas*, 161 AD2d 220, 221).

We conclude, however, that punitive damages are not recoverable by plaintiff under these circumstances. Defendants' alleged conduct cannot be characterized as wantonly or criminally dishonest, nor has plaintiff alleged a course of fraudulent conduct aimed at the public generally (*see, New York Univ. v Continental Ins. Co., supra*, at 315-316; *Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Callahan, Boehm and Fallon, JJ.