Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 6, 2012, which, after a nonjury trial pursuant to CPLR 3212 (c), directed, among other things, that defendants-appellants (defendants) proceed to closing and deliver the membership units of defendant SVCare Holdings LLC to plaintiffs pursuant to their exercise of the option to purchase such units, unanimously affirmed, with costs.
Plaintiffs made a prima facie case against defendants by producing the notes and asserting without contradiction that the loan they evidenced had not been repaid (UrbanAmerica, L.P. II v Carl Williams Group, L.L.C., 95 AD3d 642, 643 [1st Dept 2012]).
Defendants failed to carry their burden of demonstrating, in support of their defense of lack of consideration, that plaintiffs failed to fund the loan (see Carlin v Jemal, 68 AD3d 655, 656 [1st Dept 2009]). Defendants’ defense is barred by the provision in the 2006 restated loan agreement waiving “any defenses” to and “reduction” in the loan obligation (see Banque Nationale de Paris v 1567 Broadway Ownership Assoc., 214 AD2d 359, 361 [1st Dept 1995]). The defense also is barred by the provisions in the loan documents rendering the inclusion of the loan on a plaintiffs books and records conclusive in the absence of a showing of “manifest error.” Further, there is no basis for disturbing the court’s findings of fact, based largely on credibility determinations (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). Given the foregoing bases for the court’s determination, we decline to address defendants’ contentions regarding certain legal conclusions of the court, which do not alter the decision we are reaching here.
We have considered defendants’ remaining contentions and find them unavailing.
Concur—Sweeny, J.P, Renwick, Richter and Román, JJ.