Order, Supreme Court, New York County (Ellen M. Coin, J.), entered October 22, 2012, which denied plaintiff’s motion to compel nonparty respondents to comply with information subpoenas, subpoenas duces tecum, and restraining notices issued against any of defendant’s accounts located in any of the banks’ branches, unanimously affirmed, without costs.
Plaintiff served the subpoenas and restraining notices on respondents, New York branches of financial institutions, in an attempt to enforce a judgment issued by a court in Lebanon awarding him damages against defendant. Plaintiff seeks to compel respondents to comply fully with the subpoenas and restraining notices, which purport to apply to all of respondents’ branches worldwide. The motion court properly denied plaintiffs motion. The court providently exercised its discretion, pursuant to CPLR 5240, in denying the enforcement procedures sought by plaintiff since they would likely cause great annoyance and expense to respondents or their employees or agents.
In addition, the denial of plaintiffs motion is warranted based on principles of international comity since the underlying dispute did not originate in the United States, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters provides an alternative recourse, and ordering compliance raises the risk of undermining important interests of other nations by potentially conflicting with their privacy laws or regulations (see Matter of Agusta, 171 AD2d 595 [1st Dept 1991]; Orlich v Helm Bros., 160 AD2d 135, 143-144 [1st Dept 1990]).
Concur — Mazzarelli, J.P., Sweeny, DeGrasse, *496 Manzanet-Daniels and Gische, JJ.