■ MICAH GREENE and Another, Infants, by Their Mother and Natural Guardian, NICOLE BROWN, Appellants, v LULA A. MULLEN, Also Known as LULA A. MULLEN-McCARTNEY, et al., Respondents. [7 NYS3d 298]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 26, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence is denied.

In or about January 2000, Nicole Brown rented an apartment occupying the third floor of a four-story brownstone in Brooklyn. Two of Brown's children, the infant plaintiffs, were born in 2002 and 2004, respectively, and lived in the subject apartment with their mother from their births until September 2005. At all relevant times, the defendant Lula A. Mullen, also known as Lula A. Mullen-McCartney, was the title owner of the property, having received title from her mother, the defendant Ruby Mullen, in or about 1995.

Tests conducted on the infant plaintiffs by their pediatrician in January and August 2005, respectively, revealed that they had elevated levels of lead in their blood. On September 1, 2005, the New York City Department of Health (hereinafter

the DOH) inspected the apartment and found lead paint in several rooms. Subsequently, the DOH issued an order to abate nuisance, directing Ruby Mullen to remove the subject lead paint violations.

In November 2005, the infant plaintiffs, by their mother, commenced this action to recover damages allegedly resulting from their exposure to lead-based paint, alleging common-law negligence and violations of various statutory provisions. After discovery, the defendants moved for summary judgment dismissing the complaint. Among other things, the defendants argued that they had no actual or constructive notice of the presence of lead in the apartment until the DOH issued an abatement order on September 7, 2005, and thus, could not be held liable under a theory of common-law negligence. In an order dated October 26, 2012, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence. We reverse insofar as appealed from.

Under New York common law, a landowner "has a duty to maintain his or her premises in a reasonably safe condition" (*Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). "[I]n order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]). Constructive notice of a hazardous lead-based paint condition may be established by proof "that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children, and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15 [2001]).

Here, the defendants failed to establish, prima facie, that they did not have actual or constructive notice of a hazardous lead-based paint condition (*see Rivas v Danza*, 68 AD3d 743, 744-745 [2009]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiffs' remaining contention is without merit. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.