■ ALLEN BODNER, Appellant, v HARRY GRUNSTEIN, Respondent, and LEONARD GRUNSTEIN et al., Respondents, et al., Defendants. [4 NYS3d 503]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered April 25, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the derivative causes of action, unanimously reversed, on the law, with costs, and the motion denied. Appeal from order, same court and Justice, entered December 17, 2013, to the extent it denied plaintiff's motion to renew, unanimously dismissed, without costs, as academic. Appeal by Harry Grunstein from order entered April 25, 2013, unanimously withdrawn, without costs, pursuant to the stipulation of the parties dated January 28, 2015.

Plaintiff set forth sufficiently particularized facts to raise a reasonable doubt that defendant Harry Grunstein, the only individual upon whom demand to bring suit could be made, was disinterested and independent, and thereby to establish that a demand would have been futile (*see Aronson v Lewis*, 473 A2d 805, 814 [Del 1984], *overruled on other grounds Brehm v Eisner*, 746 A2d 244 [Del 2000]). The potential for this individual's liability was more than a "mere threat" (*see Rales v Blasband*, 634 A2d 927, 936 [Del 1993]; *In re China Agritech, Inc. Shareholder Derivative Litig.*, 2013 WL 2181514, *16, 2013 Del Ch LEXIS 132, *43-44 [2013]). His codefendant brother, although not an officer, director or member of the nominal defendant entities, was the prime mover in the underlying transactions complained of, and, indeed, claimed to control the entities notwithstanding that Harry Grunstein held the management positions in them (*see In re China Agritech*, 2013 WL 2181514, *20, 2013 Del Ch LEXIS 132, *60 [family relationships raise reasonable doubt as to director's lack of independence]; *Mizel v Connelly*, 1999 WL 550369, 1999 Del Ch LEXIS 157 [1999] [same]; *Harbour Fin. Partners v Huizenga*, 751 A2d 879, 889 [Del Ch 1999] [same]). Moreover, Harry Grunstein had operated as a willing extension of his brother in related transactions that resulted in litigation (*see Schron v Grunstein*, 105 AD3d 430 [1st Dept 2013]).

Contrary to defendants' contention, this action is not barred by the dismissal without prejudice of a prior action.

Defendants' request for costs is denied. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.

---

Motion to take judicial notice granted to the extent of supplementing the record with the amended order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about August 24, 2011, and otherwise denied.