▮ Orly Genger, Respondent, v Sagi Genger, Appellant. Orly Genger, Respondent, v Sagi Genger, Appellant. David A. Parnes, Nonparty Appellant. [43 NYS3d 264]—

Order (denominated decision and judgment), Supreme Court, New York County (Barbara Jaffe, J.), entered February 10, 2016, which, after a nonjury trial on the issues of liability as to plaintiff's cause of action for fraud in the inducement and for an award of punitive damages, found defendant liable for fraud in the inducement and denied plaintiff's claim for punitive damages, unanimously modified, on the law, to vacate the finding of liability, and the matter remanded for further proceedings consistent herewith, and otherwise affirmed, without costs. Order, same court and Justice, entered October 23, 2015, which denied defendant's motions pursuant to CPLR 3104 (d) to review the Special Referee's orders dated May 5, 2015, and May 7, 2015, and denied nonparty David A. Parnes's motion to review the May 7, 2015 order, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the May 7, 2015 order vacated, and the matter remanded for further proceedings consistent herewith.

In this action, plaintiff Orly Genger alleges that her brother, defendant Sagi Genger, made false representations that induced her to sell to him her interest in a family real estate venture. Prior to trial, the court bifurcated the issues of liability and damages. The court also granted Orly's motion to preclude Sagi from presenting expert testimony at the liability trial on the issue of whether Orly suffered any injury, believing that such testimony would only be relevant to damages. After a bench trial, the court found Sagi liable for fraud in the inducement, denied Orly's claim for punitive damages, and referred the matter to a special referee to hear and report on the amount of damages.

"To state a claim for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury" (*GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010], *lv dismissed* 17 NY3d 782 [2011]; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]). A claim of fraud in the inducement requires proof of "actual pecuniary loss" (*McDonald v McBain*, 99 AD3d 436, 437 [1st Dept 2012], *lv denied* 21 NY3d 854 [2013] [internal quotation marks omitted]; *see PVM Oil Futures v Banque Paribas*, 161 AD2d 220, 221 [1st Dept 1990]).

Because injury is a required element of fraudulent inducement, the court should not have precluded Sagi from introducing expert testimony on the issue of whether Orly suffered an injury. Accordingly, the court's finding of liability is vacated and the matter remanded for a reopening of the trial on the

limited issue of whether Orly suffered actual pecuniary loss. In the event the court finds such a loss, it shall, in the same proceeding, determine the amount of Orly's damages. The evidence otherwise supported the court's finding that Orly had satisfied her burden of proving the remaining elements of her cause of action for fraud in the inducement. We find no basis to disturb the court's factual findings and credibility determinations (*see Schron v Grunstein*, 105 AD3d 430 [1st Dept 2013]).

There was no change in the theory of fraud at trial. The trial theory was that Sagi told Orly the property sales created a tax liability, whereas the complaint alleged that Orly did not know of the allegedly profitable property sales, and omits the tax rationale. Nevertheless, the primary allegation in the complaint was that Sagi misled Orly about the value of her interest, and how easily she could get it back, which was consistent with the trial theory. Nor was Sagi unfairly surprised at trial, because he testified about the tax issue in detail.

Sagi's complaints about the court's response to the scheduling recommendations proposed by his doctor provide no basis for reversal. The record shows that the court worked with Sagi and his counsel to ensure that Sagi's health did not impair his ability to meaningfully participate in his defense, and Sagi does not cite to any incident where he ultimately was denied a break in the proceedings. Nor does the record reflect that the court was insensitive to his health concerns.[1]

We have considered Sagi's remaining complaints about the February 10, 2016 order and find them unavailing.

We perceive no abuse of discretion in denying Orly's claim for punitive damages (*17 E. 80th Realty Corp. v 68th Assoc.*, 173 AD2d 245, 249 [1st Dept 1991]).

Sagi moved, pursuant to CPLR 3104 (d), to review the Special Referee's May 5, 2015 order directing production of certain materials purportedly protected by the attorney-client privilege. Sagi and nonparty David Parnes, Sagi's attorney, each separately moved to review the Special Referee's May 7, 2015 order authorizing the replication of and search for responsive documents from Parnes's computer, which was located in Israel. In an order entered October 23, 2015, the motion court denied the motions.

The trial court has broad discretion in supervising disclosure

---

**1.** In the event future accommodations are requested at the reopened trial based on a disability under the Americans with Disabilities Act, the court shall either provide the requested accommodations or make a finding that the request is not reasonable.

and its determinations will not be disturbed unless there is an abuse of that discretion (*Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008]). "The deference afforded to the trial court regarding disclosure extends to its decision to confirm a referee's report, so long as the report is supported by the record" (*id.* [internal quotation marks omitted]).

Here, the court improvidently exercised its discretion in summarily denying the motions to review the Special Referee's orders. With respect to May 5 order, the court should not have denied Sagi's motion without reviewing the entire record before the Referee, including the documents the Referee determined to be nonprivileged. Accordingly, the matter is remanded to the motion court for an in camera review of the documents the Referee directed to be produced and a new determination on Sagi's motion. With respect to the May 7 order, Orly has not made a sufficient showing to warrant the replication and search of Parnes's computer (*see Melcher v Apollo Med. Fund Mgt. L.L.C.*, 52 AD3d 244, 245 [1st Dept 2008] [court improperly directed cloning of the plaintiff's hard drives because, inter alia, there was an absence of proof that the plaintiff intentionally destroyed or withheld evidence]). Orly has failed to clearly articulate what alleged missing documents prompted such a search, and why those documents could not be obtained from Sagi or other sources. Although Parnes acknowledged that he had not yet looked for responsive documents, he offered to do so, and it is unclear why this was not a viable option. In addition, neither the Referee nor the court determined the extent to which any resulting search would comply with Israeli law (*see Ayyash v Koleilat*, 115 AD3d 495 [1st Dept 2014]). Accordingly, the May 7 order should be vacated.[2] Concur—Friedman, J.P., Saxe, Richter and Gische, JJ. ▌

---

**2.** The parties have not fully briefed how these discovery issues might relate to any potential reopening of the trial. This issue is best addressed by the trial court.