Lanza v Delbalso (2023 NY Slip Op 03005)

Lanza v Delbalso

2023 NY Slip Op 03005

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-10214
2022-08319
 (Index No. 7882/14)

[*1]Jason Lanza, etc., et al., appellants,
v
Edward Delbalso, et al., respondents.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Patrick J. Lawless of counsel), for respondent Edward Delbalso.
Hardin Kundla McKeon & Poletto, P.A., New York, NY (Eric J. Koplowitz of counsel), for respondents Peter Trifoli and Susan Trifoli.

DECISION & ORDER
In an action to recover damages for personal injuries, (1) the plaintiff Jason Lanza appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), dated July 11, 2019, and (2) the plaintiffs appeal from a judgment of the same court entered September 9, 2022. The order granted the application of the defendants Peter Trifoli and Susan Trifoli pursuant to CPLR 4401, made at the close of the plaintiffs' case on the issue of liability, for judgment as a matter of law dismissing the complaint insofar as asserted against them, and denied the plaintiffs' application pursuant to CPLR 4401, made at the close of the plaintiffs' case on the issue of liability, for judgment as a matter of law on the issue of liability against the defendant Edward Delbalso. The judgment, upon the order, in effect, dismissed the complaint insofar as asserted against the defendants Peter Trifoli and Susan Trifoli, and, upon a jury verdict on the issue of liability in favor of the plaintiff Jason Lanza and against the defendant Edward Delbalso, and a jury verdict on the issue of damages, is in favor of the plaintiff Jason Lanza and against the defendant Edward Delbalso in the principal sum of only $25,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Jason Lanza (hereinafter the infant plaintiff), who was born in 2008, as a result of exposure to lead-based paint while residing in an apartment of a multiple dwelling owned by the defendant Edward Delbalso and spending time with a babysitter in an apartment of a multiple dwelling owned by the defendants Peter Trifoli and Susan Trifoli (hereinafter together the Trifoli defendants). The action proceeded to a bifurcated jury trial. Following the close of the plaintiffs' case on the issue of liability, the Trifoli defendants made an application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them. At the same time, the plaintiffs made an application pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability against Delbalso. In an order dated July 11, 2019, the Supreme Court granted the Trifoli defendants' application and denied the plaintiffs' application. At the conclusion of the trial on the issue of liability, the jury found Delbalso liable for causing elevated lead levels in the infant plaintiff. The action proceeded to a trial on the issue of damages, at the conclusion of which the jury awarded the infant plaintiff the sums of $10,000 for past pain and suffering and $15,000 for future pain and suffering. The plaintiffs then made an application for additur, which was denied. A judgment was thereafter entered, in effect, dismissing the complaint insofar as asserted against the Trifoli defendants and awarding the infant plaintiff damages against Delbalso in the principal sum of $25,000. The plaintiffs appeal.
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556; see Vasconcello v Lam, 148 AD3d 759, 760). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Tapia v Dattco, Inc., 32 AD3d 842, 844 [internal quotation marks omitted]).
"Under New York common law, a landowner has a duty to maintain his or her premises in a reasonably safe condition" (Greene v Mullen, 127 AD3d 696, 697 [internal quotation marks omitted]; see Basso v Miller, 40 NY2d 233, 241). "To impose liability on a landlord for a lead-based paint condition, a plaintiff must establish that lead-based paint was present and the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been remedied" (LM v New York City Hous. Auth., 171 AD3d 1154, 1155 [internal quotation marks omitted]; see Greene v Mullen, 127 AD3d at 697).
Here, the Supreme Court properly granted the Trifoli defendants' application pursuant to CPLR 4401, made at the close of the plaintiffs' case on the issue of liability, for judgment as a matter of law dismissing the complaint insofar as asserted against them. The plaintiffs failed to present evidence that, prior to being notified by the Nassau County Department of Health in April 2013, the Trifoli defendants had actual or constructive knowledge of a hazardous lead-based paint condition in their building that had not already been abated. Moreover, the plaintiffs' own evidence established that no conditions conducive to lead poisoning were found anywhere inside the babysitter's apartment when inspected in January 2013 and that the condition of the Trifoli defendants' building was most likely not the cause of the infant plaintiff's elevated lead levels at issue. Accordingly, viewing the evidence in the light most favorable to the plaintiffs and according them the benefit of every favorable inference that reasonably may be drawn therefrom, there is no rational process by which the jury could find the Trifoli defendants liable for the infant plaintiff's injuries.
The Supreme Court also properly denied the plaintiffs' application for additur. "'The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation'" (Vatalaro v County of Suffolk, 163 AD3d 893, 894, quoting Nayberg v Nassau County, 149 AD3d 761, 762; see CPLR 5501[c]; Glynn v Altobelli, 181 AD3d 567, 570). Here, we find that the jury's award of damages did not deviate materially from what would be considered reasonable compensation (see Knoch v City of New York, 137 AD3d 982, 983).
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court