## Mediapro US Prod. Servs., LLC v A1 Padel, LLC

2025 NY Slip Op 31801(U)

May 15, 2025

Supreme Court, New York County

Docket Number: Index No. 654337/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** 11M |
| | *Justice* | |

---------------------------------------------------------------------------X

MEDIAPRO US PRODUCTION SERVICES, LLC,A
FLORIDA LIMITED LIABILITY COMPANY,

                        Plaintiff,

                  - v -

A1 PADEL, LLC,A DELAWARE LIMITED LIABILITY
COMPANY, AND INFINITY GLOBAL, LLC,A NEW YORK
LIMITED LIABILITY COMPANY,

                        Defendant.

---------------------------------------------------------------------------X

| |
|---|
| **INDEX NO.** 654337/2024 |
| **MOTION DATE** 12/09/2024 |
| **MOTION SEQ. NO.** 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 68

were read on this motion to/for                            **DISMISSAL**             .

       Upon the foregoing documents, defendant's motion is denied.

## Background

       Padel is a racket sport (originating from Mexico in the 1960s) that is recently growing in popularity. One fan of the sport is Monegasque businessman Fabrice Pastor, owner of a company called A1 Global that runs one of the top 3 international padel circuits. Pastor teamed up with Ike S. Franco, the owner of the brand-management company defendant Infinity Global, LLC ("Infinity"), in order to spearhead the expansion of the sport into U.S. markets. In February of 2023, Franco and Pastor formed a Delaware LLC, defendant A1 Padel, LLC ("A1 Padel"). That same month, Pastor also contacted the Spanish office of Mediapro US Production Services, LLC ("Plaintiff"), a media production company specializing in live-sporting events, to discuss the production of padel tournaments in the U.S. Plaintiff alleges that at the subsequent meeting,

**654337/2024   MEDIAPRO US PRODUCTION SERVICES, LLC, A FLORIDA LIMITED LIABILITY COMPANY vs. A1 PADEL, LLC, A DELAWARE LIMITED LIABILITY COMPANY ET AL Motion No. 002**

**Page 1 of 7**

1 of 7

Pastor made certain representations to them including that A1 Global was the parent company of A1 Padel and that A1 Padel was working with as well as co-owned by Infinity.

*The New York Padel Tournament and Subsequent Dispute*

Then in August of 2023, Franco, Pastor, and the president of the Yankees announced that they would be bringing in the first U.S. padel tournament to Wollman Rink (the "NY Event"). Representatives of A1 Global and Infinity negotiated a package deal with Plaintiff, whereby Plaintiff would provide a package discount for three padel events in the U.S., starting with the NY Event. A representative of Infinity informed Plaintiff that each event would require a separate agreement, and Plaintiff complied based on representations that all events had been scheduled and that the overall price for all events was acceptable. As the parties were in the process of revising the first agreement for the NY Event, Infinity sent Plaintiff a copy of the agreement with A1 Padel substituted for Infinity and urged that the agreement be signed quickly as the NY Event was scheduled to begin soon. When Plaintiff inquired about the change in name, they were told by Infinity that there was no real difference as the two companies shared an office and were partners. Plaintiff signed the agreement as requested.

Plaintiff provided the services described in the agreement for the NY Event, including additional services requested by A1 Padel. But to date, Plaintiff alleges that A1 Padel has failed to pay any of the outstanding fees amounting to $210,082.00 or proceed with the next two scheduled events. When pressed on the outstanding amount, a representative of Infinity claimed that they took issue with the services provided and stated that A1 Global (the parent company of A1 Padel) would not pay unless there was a further reduction in the price. Plaintiff continued to seek payment, and the parties continued to dispute the characterization of the event. Eventually, counsel for A1 Global began to disavow any contractual relationship with Plaintiff. Eventually,

**654337/2024   MEDIAPRO US PRODUCTION SERVICES, LLC, A FLORIDA LIMITED LIABILITY COMPANY vs. A1 PADEL, LLC, A DELAWARE LIMITED LIABILITY COMPANY ET AL Motion No. 002**

**Page 2 of 7**

2 of 7

[* 2]

Plaintiff brought the underlying proceeding against A1 Padel and Infinity, pleading claims of breach of contract, fraud in the inducement, and promissory estoppel. The NY Event continues to be broadcast on A1 Global's YouTube page.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

Infinity brings the present motion to dismiss the amended complaint. A1 Padel has not appeared in this matter. Infinity argues that 1) an alter ego claim is not an independent cause of action, 2) the fraud in the inducement claim is duplicative of the breach of contract claim and fails to meet the heightened pleading standard, and 3) the promissory estoppel claim fails to properly allege unconscionable injury. For the reasons that follow, all three arguments fail.

**654337/2024   MEDIAPRO US PRODUCTION SERVICES, LLC, A FLORIDA LIMITED LIABILITY COMPANY vs. A1 PADEL, LLC, A DELAWARE LIMITED LIABILITY COMPANY ET AL Motion No.  002**

**Page 3 of 7**

3 of 7

[* 3]

*The Breach of Contract Claim Properly Pleads Liability Under the Alter Ego Theory*

The first cause of action is labeled "Breach of Contract Against Defendants A1 Padel, LLC and Infinity Global, LLC as the Alter Ego of A1 Padel, LLC." Infinity argues that the first cause of action should be dismissed against them as New York does not recognize a stand-alone cause of action for alter ego theory. Infinity is correct in saying that New York does not recognize a stand-alone cause of action for alter ego. *See, e.g., Ferro Fabricators, Inc. v. 1807-1811 Park Ave. Dev. Corp.*, 127 A.D.3d 479, 480 [1st Dept. 2015]. But by its very terms, the first cause of action is a claim for breach of contract that extends A1 Padel's liability to Infinity via the alter ego theory, and not a stand-alone cause of action for alter ego.

A plaintiff may allege breach of contract and then in that cause of action attempt to extend liability to another party based on the theory of alter ego, which is precisely what Plaintiff has done here. *See, e.g., Perez v. Long Is. Concrete Inc.*, 203 A.D.3d 552, 553 – 54 [1st Dept. 2022]; *Baby Phat Holding Co., LLC v. Kellwood Co.*, 123 A.D.3d 405 [1st Dept. 2014]. The text of the cause of action clearly alleges breach of contract and lays out the reasons why Plaintiff seeks to have A1 Padel's liability extended to Infinity, using the alter ego theory of liability. Infinity's argument appears to involve a fundamental misreading of the amended complaint and does not create a basis for dismissal.

*The Fraud in the Inducement Claim Is Sufficiently Pled*

Infinity argues that the second cause of action should be dismissed, among other reasons, for failing to plead fraud with the requisite specificity and for only pleading insincere promises of future performance. The elements of a claim for fraudulent inducement are "a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury." *Genger v. Genger*, 144 A.D.3d 581, 582 [1st Dept.

**654337/2024   MEDIAPRO US PRODUCTION SERVICES, LLC, A FLORIDA LIMITED LIABILITY COMPANY vs. A1 PADEL, LLC, A DELAWARE LIMITED LIABILITY COMPANY ET AL Motion No. 002**                                                                                   **Page 4 of 7**

[* 4]

4 of 7

2016]. If a claim for fraudulent inducement is predicated on an insincere promise of future performance under a contract, as opposed to performance that is collateral and/or extraneous to the contract, then it is dismissible as duplicative of the breach of contract claim. *HSH Nordbank AG v. UBS AG*, 95 A.D.3d 185, 206 [1st Dept. 2012].

Here, Plaintiff has adequately satisfied the pleading requirements. They allege that Infinity represented that it had secured approval and funding for the three proposed events, that they possessed the necessary funds, and the total payment amount had been approved, the events had all been scheduled, and that Plaintiff would be paid by the partnership between Infinity and A1 Padel. Taken as true, these are misrepresentations of material present fact and were intended to deceive Plaintiff into offering a package discount for the agreement on the NY Event. A misrepresentation of then-existing fact can form the basis for a fraudulent inducement claim. *See, e.g., Ohm NYC LLC v. Times Sq. Assoc. LLC*, 170 A.D.3d 534, 534 [1st Dept. 2019]; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wise Metals Group, LLC*, 19 A.D.3d 273, 275 [1st Dept. 2005].

For reasonable reliance, Plaintiff alleges that the many public announcements regarding the partnership and that the New York Yankees had provided backing to the partnership. And finally, Plaintiff has certainly alleged damages as a result. The claim is not duplicative, particularly since the allegations include insincere promises of future events, which would be performance that is collateral and/or extraneous to the NY Event agreement. Plaintiff has adequately pled with specificity a claim for fraudulent inducement.

### *The Promissory Estoppel Claim*

Infinity moves to dismiss the third cause of action on the grounds that Plaintiff failed to plead unconscionable injury, citing to *Steele*. In *Steele*, a plaintiff who sought to avoid

**654337/2024   MEDIAPRO US PRODUCTION SERVICES, LLC, A FLORIDA LIMITED LIABILITY COMPANY vs. A1 PADEL, LLC, A DELAWARE LIMITED LIABILITY COMPANY ET AL Motion No. 002**                     **Page 5 of 7**

5 of 7

[* 5]

application of the Statute of Frauds by pleading promissory estoppel had their claim dismissed for failure to plead an unconscionable injury. *Steele v. Delverde S.R.L.*, 242 A.D.2d 414, 415 [1st Dept. 1997]. Plaintiff cites to *Pearce* and argues that unconscionability is an additional promissory estoppel argument that only applies in cases where the Statute of Frauds would apply. In *Pearce*, the court surveyed New York law and held that such a requirement is restricted to cases where "promissory estoppel is invoked as a defense to the Statute of Frauds." *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F.Supp.2d 175, 181 [S.D.N.Y. 2007].

Plaintiff and the court in *Pearce* have correctly read the lay of the promissory estoppel land. In *Hennel*, the Court of Appeals held that a claim would be stated when "the elements of promissory estoppel are established, **and** the injury to the party who acted in reliance on the oral promise is so great that enforcement of the statute of frauds would be unconscionable." *Matter of Hennel*, 29 N.Y.3d 487, 494 [2017] (emphasis added). The First Department has held that the "elements of a promissory estoppel claim are: (1) a sufficiently clear and unambiguous promise; (ii) reasonable reliance on the promise; and (iii) injury caused by the reliance" and then went on to state that an unconscionable injury must be pled when the claim involves "a contract barred by the statute of frauds." *Castellotti v. Free*, 138 A.D.3d 198, 204 [1st Dept. 2016]. Plaintiff has adequately alleged a claim of promissory estoppel and is not required under these facts to allege an unconscionable injury. The Court has considered Infinity's other arguments and found them unavailing. Accordingly, it is hereby

**654337/2024   MEDIAPRO US PRODUCTION SERVICES, LLC, A FLORIDA LIMITED LIABILITY COMPANY vs. A1 PADEL, LLC, A DELAWARE LIMITED LIABILITY COMPANY ET AL Motion No.  002**

**Page 6 of 7**

6 of 7

ADJUDGED that defendant Infinity Global LLC's motion to dismiss is denied.

20250516103222LFRANK625DE7058BC841249208AFCCCA81B288

| | |
|---|---|
| **5/15/2025** | |
| **DATE** | **LYLE E. FRANK, J.S.C.** |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☒ DENIED  ☐ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**654337/2024   MEDIAPRO US PRODUCTION SERVICES, LLC, A FLORIDA LIMITED LIABILITY COMPANY vs. A1 PADEL, LLC, A DELAWARE LIMITED LIABILITY COMPANY ET AL**
**Motion No.  002**

Page 7 of 7

[* 7]