| Genger v Genger |
|:---:|
| 2026 NY Slip Op 30692(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 100697/2008 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. LESLIE A. STROTH** | PART 12M |
| | *Justice* | |

-----------------------------------------------------------------X

ORLY GENGER,

                     Plaintiff,

          - v -

SAGI GENGER,

                    Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 100697/2008 |
| MOTION DATE | 07/02/2024 |
| MOTION SEQ. NO. | 055 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 055) 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997, 998, 999, 1000, 1001, 1002, 1003, 1004, 1005, 1006, 1007, 1008, 1009, 1010, 1011, 1012, 1013, 1014, 1015, 1016

were read on this motion to/for                          **JUDGMENT - SUMMARY**        .

In this action to recover damages for fraud in the inducement, *inter alia*, defendant Sagi Genger (Sagi) moves pursuant to CPLR 3212 for summary judgment dismissing the complaint. Plaintiff Orly Genger (Orly) opposes the motion and cross-moves for an order under CPLR 4401 for judgment as a matter of law. Upon the foregoing papers, the motion and cross-motion are denied.

### BACKGROUND

In January 2008, Orly initiated this action against her brother Sagi seeking damages for, among other things, fraud in the inducement based upon allegations that in late 2004 or early 2005, Sagi made false representations to Orly in order to induce her to sell her 50% share in a family real estate venture (the Venture) to Sagi for $100,000.00. According to Orly, her share in the Venture was actually worth millions of dollars.

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 1 of 7

The protracted nature of this case is the result of many factors, including the parties' own conduct, delays related to the Covid-19 pandemic, and Orly filing for Chapter 7 bankruptcy. The facts and procedural history have been recited in numerous prior orders.

As relevant here, from January 29, 2015 to May 15, 2015, a justice of this court (Barbara Jaffe, J.) held a bifurcated bench trial on the issue of liability as to Orly's cause of action for fraud in the inducement and her request for an award of punitive damages. After the trial, the court issued an order, entered February 10, 2016, finding Sagi liable for fraud in the inducement, denying Orly's claim for punitive damages, and referring the matter to a special referee to hear and report on the amount of damages (the February 2016 Order)(*Genger v Genger*, 2016 NY Slip Op 30219 [U] [Sup Ct, NY County 2016] [Barbara Jaffe, J.]). During the trial, the court precluded Sagi from presenting expert testimony on damages, finding that it was evident that Orly suffered an injury so as to sustain a cause of action for fraudulent inducement, and that the expert's testimony was only relevant to the issue of the amount of damages.

On appeal, the Appellate Division, First Department, *inter alia*, vacated the trial court's finding of liability on the ground that "[a] claim for fraud in the inducement requires proof of actual pecuniary loss" (*Genger v Genger*, 144 AD3d 581, 582-583 [1st Dept 2016] [internal quotation marks and citations omitted]). The Appellate Division, thus, noted that the trial court should not have precluded Sagi from introducing expert testimony on the issue of whether Orly suffered an injury. Accordingly, the Appellate Division remanded the matter "for a reopening of the trial on the limited issue of whether Orly suffered actual pecuniary loss" (*id.* at 582-583) and directed that "[i]n the event the court finds such a loss, it shall, in the same proceeding, determine the amount of Orly's damages" (*id.* at 583).

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 2 of 7

[* 2]

2 of 7

On April 30, 2018, the trial court (Barbara Jaffe, J.) appointed Certified Public Accountant Michael Kupka, of Mazars USA LLP, to serve as an independent accountant in the matter. The court ordered that Kupka conduct a forensic audit and accounting of the Venture, "with the accounting limited to the value of the [V]enture, if any, on the date of the sale of [Orly's] shares in the [V]enture" to Sagi (NYSCEF Doc. No. 905).

Kupka issued his report on June 4, 2019, concluding that with a discount for lack of marketability (applied because the Venture was a family-owned business), the value of Orly's ownership interest on the date of the sale was $99,551.00 and, therefore, she suffered "no loss" (Kupka Report at 63, NYSCEF Doc. No. 964). Kupka determined that without applying the discount, Orly suffered a $32,734.00 loss, representing the value of her ownership interest on the date of the sale without the discount ($132,734.00), minus the $100,000.00 she agreed to receive for her share from Sagi (id.). In his report, Kupka avoided making a legal determination as to whether a discount for lack of marketability should apply in this case.

Sagi now moves for summary judgment dismissing the complaint. Orly opposes the motion and cross-moves for judgment as a matter of law under CPLR 4401 on the basis of Sagi's alleged admission, at trial, that Orly's share was worth $ 3 million.

## DISCUSSION

In moving for summary judgment, Sagi argues that the court should consider Kupka as being the "functional equivalent" of a referee appointed by the court pursuant to CPLR 4212 to hear and report on the issue of whether Orly suffered a pecuniary loss. He asserts that any objections to Kupka's "referee report" had to be filed within 15 days in order to be timely (*see* CPLR 4403 [providing that a motion to reject a referee's report must be made within 15 days of the filing of the report]) and since Orly never filed objections, they are deemed waived. As such,

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 3 of 7

3 of 7

[* 3]

the court should confirm Kupka's report. Sagi asserts that based upon Kupka's report, along with the opinion of Sagi's expert Samuel P. Gunther, CPA (NYSCEF Doc. No. 993), Sagi should be awarded summary judgment dismissing the complaint on the ground that Orly suffered no pecuniary loss. Sagi asserts that, in any event, Orly should be awarded no more than $32,734.00 in damages as per Kupka's report. Sagi also emphasizes that Orly did not enlist her own expert to offer an opinion on whether she suffered a pecuniary loss and, therefore, there is no expert evidence refuting Kupka's conclusions for the court to consider.

"A referee derives his or her authority from an order of reference by the court" (*H.S.B.C. Bank U.S.A., N.A. v Isaacson*, 221 AD3d 668, 671 [2d Dept 2023] [quotation marks and citation omitted]; *see* CPLR 4212, 4311). Here, the court did not issue an order referring this matter to a referee to hear and determine. Thus, CPLR 4403 is inapplicable. Judge Jaffe did not intend for Kupka to act as the functional equivalent of a referee (April 30, 2018 Order, NYSCEF Doc. No 910). Rather, the court indicated to the parties that Kupka's accounting would *not* be "in lieu of trial" and that the parties would have the opportunity to cross-examine Kupka at trial (NYSCEF Doc. No. 918, at 2). Indeed, the Appellate Division remanded the matter for resolution by trial, not by summary judgment (*see Genger v Genger*, 144 AD3d at 582-583). Thus, Sagi's motion for summary judgment is denied.

## I.  Orly's Cross-Motion

Orly's cross-motion for an order under CPLR 4401 is also denied. CPLR 4401 provides:

"Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue, *or at any time on the basis of admissions*. Grounds for the motion shall be specified. The motion does not waive the right to trial by jury or to present further evidence even where it is made by all parties"

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 4 of 7

[* 4]

(CPLR 4401 [emphasis added]). "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Lanza v Delbalso*, 217 AD3d 664, 665 [2d Dept 2023] [quotation marks and citation omitted omitted]).

Here, Orly asserts that Sagi admitted at trial that the Venture "was worth $6 million at the time of the fraud," making Orly's share worth $3 million (Plaintiff's Mem of Law at 2, 17, NYSCEF Doc. No. 996). Orly argues that on the basis of this admission, she is entitled to judgment as a matter of law under CPLR 4401. As Sagi points out, however, Orly fails to quote the actual testimony upon which she is relying.

The testimony at issue seemingly relates to a Stock Purchase Agreement (SPA) entered into on March 8, 2004 (NYSCEF Doc. No.1013). At the time, Orly and Sagi owned 90% of the Venture and their father owned the remaining 10%. Pursuant to the SPA, Orly and Sagi each paid $100,000.00 to acquire their father's share, subject to an upward price adjustment of $50,000.00 each under certain conditions. Sagi was asked the following question at trial regarding the value of the entire Venture in light of what they agreed to pay their father for his 10% share: "the implied value . . . on March 8, 2004, based on your transaction with you and your father and your sister was $ 6 million, right? It's just math, correct?" (Transcript at 230-231, NYSCEF Doc. No. 1011). Sagi replied: "That's the multiplication, yeah" (*id*. at 231).

[* 5]

Read in context, however, this testimony does not amount to an admission that $ 6 million dollars represented the fair market value of the Venture. In this regard, Orly testified that she never negotiated the price for her father's 10% share (*id.* at 3001-3002). Sagi also testified that the agreement with his father was not the product of an arm's length negotiation and that the purchase price was not reflective of the fair market value (*id.* at 2494). Rather, Sagi only executed the SPA because his father asked him to do so (*id.*). Thus, Sagi's testimony does not amount to an admission as a matter of law that the Venture was worth $6 million in March 2004. Moreover, Orly alleges that she agreed to sell her share to Sagi in late 2004 or early 2005, not in March 2004.

Finally, Orly points out that, in the context of the Court's decision as to whether Orly suffered an injury to sustain a cause of action for fraudulent inducement, the trial court's February 2016 Order noted that Sagi conceded that "the [Venture] was worth $6 million in March 2004" (*Genger v Genger*, 2016 NY Slip Op 30219 [U], at **22). However, the Appellate Division vacated the trial court's finding of liability and remanded the matter for a reopening of the trial on the limited issue of whether Orly suffered actual pecuniary loss. The Appellate Division found that "the [trial] court should not have precluded Sagi from introducing expert testimony on the issue of whether Oly suffered an injury" (*Genger v Genger,* 144 AD3d 581, 582-583). Given the clarity of its decision, the Appellate Division clearly determined that any such "concession" referenced in the February 2016 decision was insufficient to establish as a matter of law that Orly suffered an actual pecuniary loss and that Sagi should have the opportunity to submit evidence to the contrary at trial. Thus, the cross-motion is denied.

The parties' remaining contentions are either without merit or academic in light of this court's determination.

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 6 of 7

[* 6]

Accordingly, it is hereby

ORDERED that the motion and cross-motion (motion sequence number 55) are denied; and is further

ORDERED that the parties appear for a status conference on March 26, 2026 at 11:00am for the purpose of scheduling a trial date.

This constitutes the Decision and Order of the Court.

2/25/2026
DATE

HON. LESLIE A. STROTH
J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

100697/2008   GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 7 of 7

7 of 7